IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01050-MSK-MEH

FRED JOHNSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,[1]

    Defendant.

---

## OPINION AND ORDER GRANTING MOTION TO DISMISS
---

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss for Lack of Jurisdiction **(# 4)**, and Motion to Stay **(# 5)**.

The Plaintiff *pro se* commenced this action in the Small Claims Court for the County of Denver on or about April 30, 2007. In the highly abbreviated Small Claims Court form complaint, the Plaintiff alleged that he was employed at the Denver VA Hospital, and that on May 10, 2006, his supervisor, Victor Sholar, "illegally detained me and he subjected me to False Arrest." *Docket* # 1-2. The Plaintiff contends that as a result of Sholar's actions, the Plaintiff was "removed from my job, placed on a 10 day [unpaid] suspension," and lost an overtime-bearing assignment in the Respiratory Therapy Department, among other things. Other than the single

---

[1] The Plaintiff initially named Victor Sholar as the only Defendant. Pursuant to 28 U.S.C. § 2967(d)(1), the United States of America was substituted for Sholar as Defendant upon the Attorney General's certification that Sholar was acting within the scope of his employment with the United States at the time of the incident. *Docket* # 1, Ex. 2.

1

reference to a "false arrest," the Plaintiff does not identify the legal theory upon which his claims rely.

The Defendant removed the action to this Court pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2679 (b). It then moved to dismiss, alleging that the Plaintiff could not show that the United States had waived its sovereign immunity with regard to this type of claim. Specifically, the Defendant contends that the Plaintiff has failed to exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, in that he failed to file an administrative claim with the Department of Veteran's Affairs before commencing this action. The Plaintiff did not respond to that motion, and the time for doing so pursuant to D.C. Colo. L. Civ. R. 7.1(C) has long since run.

It is axiomatic that the United States generally enjoys sovereign immunity from suit, and that the existence of such immunity presents a jurisdictional bar to the Court's ability to consider an action. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The party attempting to bring suit against the United States – here, the Plaintiff – bears the burden of showing that the United States has waived its sovereign immunity under the particular circumstances. *James v. U.S.*, 970 F.2d 750, 753 (10th Cir. 1992). Here, the Plaintiff has failed to even respond to the Defendant's motion, much less carry his burden of showing that the United States has waived its sovereign immunity in a case such as this. In any event, it would appear that the Plaintiff's false arrest claim is specifically exempted from the general waiver of sovereign immunity embodied by the Federal Tort Claims Act. 28 U.S.C. § 2680(h) (waiving immunity for false arrest claims only where the arrest was perpetrated by a law enforcement officer). Moreover, it is abundantly clear that the Plaintiff failed to administratively exhaust his claim before bringing this action, as is required

under the Federal Tort Claims Act. 28 U.S.C. § 2672. Although the Plaintiff's *pro se* status entitles him to liberal construction of his pleadings – and the Court has construed his Complaint, the only filing by the Plaintiff in this case, liberally – it does not relieve him of the obligation to defend his claims when dismissal is sought, nor does it relieve him from the duty to demonstrate the legal sufficiency of his claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Accordingly, the Defendant's Motion to Dismiss **(# 4)** is **GRANTED**, and the Plaintiff's Complaint **(# 2)** is **DISMISSED**. As a result of this dismissal, the Defendant's Motion to Stay **(#5)** is **DENIED AS MOOT**.

Dated this 4th day of December, 2007

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        United States District Judge